UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MATTIE AMOS                          CIVIL ACTION  NO. 14-CV-2344

VERSUS                               JUDGE DOHERTY

RODNEY JOINER, ET AL                 MAGISTRATE JUDGE HANNA

### *Report and Recommendation*

Two dispositive motions have been filed in this matter by Defendant Jessica

Primeaux [Rec. Docs. 30, 57], and both have been referred to the undersigned for

report and recommendation.  Additionally, other filings by Plaintiff Mattie Amos[1]

have also been referred to the undersigned.  This includes the "Petition for

Damages, Amended Petition to Add Plaintiffs and Defendants Utilizing Retroback

Law, Motion for Discovery, Motion to Show Cause why Defendants are not

Required to Respond to Petition as Required by Law, Motion to Compel this

Honorable Court to Render Default Judgment for Defendants Failure to File a

Response as Required by Law, Relief Sought, Introduction of Prior Bad Acts, and

Request for Appearance before the Grand Jury." [Rec. Docs. 54-55[2]].  A separate

motion for trial by jury has also been filed by Mattie Amos. [Rec. Doc. 56].

---

[1]While the motions purport to be filed by multiple named plaintiffs, only Mattie Amos
has signed the pleadings, and, since she is not an attorney, she cannot represent the interests of
others in this litigation or bring claims on their behalf.  Fed. R. Civ. P. 11(a); La.R.S. 37:213.

[2]Rec. Doc. 55 seems to be same as 54 except for some handwritten corrections.

### *Background and Procedural History:*

The original Petition for Damages was filed May 19, 2014, in the United States Federal Court, Southern District, Houston, Texas. [Rec. Doc. 1].  The plaintiffs named in the petition were Mattie Amos, Shawn Powell, Madilyn Powell, Augusta Powell, and Derrick Harris.  The defendants were Rodney Joiner, International Fidelity Insurance Company, Stan Hardee, Ted Ayo, Mike Harson, and Jessica Primeaux.  The pleading, signed only by Mattie Amos, attempts to make a claim based on the alleged posting by Ms. Amos and/or other plaintiffs of a $25,000.00 personal appearance bond on behalf of Shawn Powell, who had been arrested on drug charges. Defendants Joiner  d/b/a Abbeville Bail Bonds and/or International Fidelity Insurance Co. allegedly served as surety on the bond. Powell failed to appear in court and the bond was forfeited in the 15th Judicial District Court in Louisiana in August, 2013.[3]   Joiner and International Fidelity allegedly sought recovery of the $25,000.00 from Ms. Amos and others, which Amos claims she does not owe.  As a result of alleged harassing actions by the defendants seeking to collect money from her, Ms. Amos asserts she and other family members have suffered damages in the amount of seven billion dollars ( $7,000,000,000.00)  in what she describes as a "color of law" case.

---

[3] *State of Louisiana v. Shawn Powell*, No. 2011-CR-53561, 15th JDC, Vermilion Parish, Louisiana.

Motions to dismiss or alternatively transfer the case to Louisiana were filed by multiple defendants, and the Texas court issued orders dismissing the plaintiffs' suit, without prejudice to refiling in another jurisdiction, as to Defendants Harson, Ayo, Hardee, Joiner, and International Fidelity Insurance Company . [Rec. Docs. 14-15].  These rulings left only Jessica Primeaux as a defendant in the litigation at the time the matter was transferred to the Western District of Louisiana on July 21, 2014. [Rec. Docs. 16-17]. Ms. Primeaux filed an Answer to the complaint on August 29, 2014. [Rec. Doc. 24].  In it, she asserted the defenses of qualified immunity as well as Louisiana state law immunity pursuant to La. R.S. 9:2798.1.

On October 1, 2014, Ms. Primeaux's Motion for Summary Judgment and to Dismiss for Failure to State a Claim [Rec. Doc. 30] was filed[4].  On the same date, the Court issued an Order setting a Rule 16 Conference among the parties including the defendants whose claims were dismissed in Texas, for October 20, 2014.  Ms. Amos did not appear, despite a telephone message left on the chamber's voice mail system in which she acknowledged the scheduled

---

[4]The summary judgment aspect of the motion references Mattie Amos' violation of a previous order by Judge Melancon in May, 2004 that she not "file future claims without leave of court." [03-cv-814, *Amos v. Palmetto Government Benefit Administration, et al*]. That order was affirmed by the 5th Circuit in an unpublished opinion which stated "the district court...ordered Amos not to file future claims without first obtaining leave of court." 122 Fed.Appx. 105, 108. Since Amos is the only filer, and since she did not seek the ordered leave of court, Ms. Primeaux seeks dismissal on that ground.

conference.  Efforts to reach Ms. Amos during the conference were unsuccessful. After adjournment, the conference was briefly re-opened to allow submission of a copy of a facsimile transmission of correspondence sent to defense counsel from Ms. Amos during the conference in which she indicated she attempted to contact chambers and was forwarded to voice mail and was "unable to provide a contact number."  That transmission was acknowledged by the Court and made a part of the record. [Rec. Doc. 44].

Pursuant to this Court's Order of October 21, 2014 [Rec. Doc. 42], Ms. Amos appeared in person before the undersigned on November 25, 2014 to show cause why she should not be held in contempt of court and why her claims should not be dismissed pursuant to provisions of  Fed. R. Civ. P. 41, for her failure to comply with the rules and instructions of the Court and the terms of the Court's Orders.  In response to questions from the Court, Ms. Amos confirmed that she does not have legal counsel and is representing herself in this action.  She also confirmed her understanding that after transfer of this case from the Texas court, only one defendant remains, namely Jessica Primeaux. She verified her understanding that she cannot represent the interests of other named plaintiffs in this matter since she is not an attorney, and she agreed that she would convey to

each of the other named plaintiffs[5] that each must  notify the Court, in writing, whether he/she wishes to pursue the claims made in this litigation. [Rec. Doc. 42].

In response to the Court's instructions and orders,  Madilyn Powell has communicated with the Court, in writing, to convey her intention to pursue the claims made in this litigation. [Rec. Doc. 60]**.**  She is unrepresented by counsel and she has not yet signed any pleadings on her own behalf.   None of the other named plaintiffs (Shawn Powell, Augusta Powell, and Derrick Harris) have so responded, and none are represented by counsel.[6]  Since those parties have not signed the complaint or any of the pleadings filed in this case, and since no licensed attorney has signed pleadings on their behalf as required by Fed. R. Civ. P. 11, to the extent there are claims of Shawn Powell, August Powell, and Derrick Harris against Ms. Primeaux, they should be dismissed without prejudice.

Thus, the parties properly before the Court at the present time are Mattie Amos and arguably Madilyn Powell as plaintiffs, and Jessica Primeaux as defendant.  The complaint does not specifically set forth a basis for subject matter

---

[5]The docket sheet of this Court contains the same mailing address for each named plaintiff.  Mattie Amos, Shawn Powell, Madilyn Powell, Augusta Powell, and Derrick Harris are all identified to reside at 4911 Cloudhaven Court, Katy, TX 77449.  Per the Court's Order, the Clerk attempted to serve each plaintiff with the Order by certified mail. [Rec. Doc. 43].

[6]As to the purported plaintiffs Shawn Powell, August Powell, and Derrick Harris, the record is devoid of their signatures on any pleading or the enrollment of counsel for any of them in either the Texas or Louisiana forums.  Further, despite efforts to communicate with these individuals at the addresses noted in the record, they have not made contact with the court.

jurisdiction other than the statement that the plaintiff was subjected to threats and abuse under the "Color of Law" and rhetorical questions concerning the applicability of the Constitution, equal protection and civil rights. [Rec. Doc. 1, pp. 2-3] For purposes of this report, this Court will liberally construe these statements as invoking 28 U.S.C. §1983, and therefore, federal question jurisdiction under 28 U.S.C. §1331.

### *Analysis and Discussion*

*The Rule 12(b)(6) Standard:*

A motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.  *Ramming v. United States*, 281 F.3d 158, 161(5th Cir. 2001).  When considering such a motion, a district court must limit itself to the contents of the pleadings, including any attachments thereto.  *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498(5th Cir. 2000).  The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.  *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205(5th Cir. 2007). Conclusory allegations and unwarranted deductions are not accepted as true, and courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Bell Atlantic*

*Corporation v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 U.S. at 570.  The plaintiff's obligation is "to provide the 'grounds' of his 'entitle[ment] to relief' [and] requires more than labels and conclusions." *Id.,* at 555.  The allegations must be sufficient to "raise a right to relief above the speculative level," and the pleading must contain something more than a statement of facts which create merely a suspicion of a legally cognizable right of action.  *Id.*  While detailed factual allegations are not required, the plaintiff's obligation is to provide the grounds of his entitlement to relief, using more than labels and conclusions, and "a formulaic recitation of the elements of a cause of action will not do[.]" *Id.*  See also *Ashcroft v. Iqbal*, __ U.S. __, 129 S.Ct. 1937, 1950 (2009).  As the court stated in *Twombly*, if the plaintiff fails to allege facts sufficient to "nudge[][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed." *Twombly,* 127 U.S. at 570.

*The Original Complaint Fails to State a Claim*

With regard to the motion to dismiss that was pending prior to the transfer of this case, Ms. Primeaux argues that the plaintiffs fail to state a claim upon

which relief may be granted because no allegations of fault against her appear in the complaint.  Ms. Amos alleged that Rodney Joiner made threatening phone calls to her and that he and/or his business and/or International Fidelity Insurance Company informed her that she had signed a surety contract for $25,000.00 to secure a forfeiture bail bond for Shawn Powell which she denied. [Rec. Doc. 1]. She alleged the bond was forfeited on August 5, 2013 and the "harassment" of her and her family members, including home visits by bounty hunters,  began in March of 2014 to collect on the surety contract. She alleged that the bond forfeiture was sought by the State of Louisiana in the 15th Judicial District Court for the Parish of Abbeville based on Shawn Powell's failure to appear. Attached to her complaint are the minutes of court for the 15th Judicial District on August 5, 2013 in which judgment was rendered in favor of the State of Louisiana and against Mr. Powell and the surety, International Fidelity Insurance Company, in the amount of $25,000.00. [Rec. Doc. 1, p. 11].

Ms. Amos alleged there actually was no bond and that she never signed a bond or as a surety. She claimed that she and her family members have sustained various damages based on the efforts of Rodney Joiner, his business and the surety company to collect from her and/or her family on the unproduced and allegedly non-existent surety contract. Ms. Amos seeks seven billion dollars in damages and

alleges that Madilyn  Powell owned 185 acres of land which was seized. However, the exhibit which she attached to document this fact indicates neither Ms. Powell nor Amos had ownership of this land after November of 2007 and since then it has been owned by an LLC which purchased the property at a sheriffs sale. Therefore, it is clear the seizure in 2007 is not in any way related to the bond forfeiture issue in 2013. [Rec. Doc. 1, p. 14].

The only reference to Ms. Primeaux appears at p.6 and is taken from the language of the minutes of court for the 15th Judicial District on August 5, 2013:

> Jessica Primeaux, bailiff of Vermillion Parish Sheriff [sic] Office who is in charge of mailing notices to the surety and agents, was called to testify.  This witness was administered the oath by the clerk and testified under direct examination that notices [sic] was mailed by United States Postal Service on July 2, 2013. [Rec. Doc. 1, p. 6].

The bond and the surety's Power of Attorney were filed into evidence. Since proof of service of notice on Mr. Powell and the surety was made,  the court entered judgment in favor of the state and the bond was forfeited.  No further mention of Ms. Primeaux appears in the pleading or the exhibits attached to it. There are no allegations regarding how or why Ms. Primeaux's testimony about mailing court appearance notices has anything to do with the damages claimed or how or why the testimony of Ms. Primeaux as referenced caused Ms. Amos any damage.

Ms. Amos describes this as a "color of law" case seemingly to invoke the provisions of 28 U.S.C. §1983.  However,  she alleges no violation of her constitutional rights by Ms. Primeaux.  Applying the most liberal interpretation to the allegations of the complaint, the plaintiffs allege that a surety contract never existed between the plaintiffs and the defendants, and that the effort by some of the former private defendants to collect from them caused damage.

Regardless of what theory Ms. Amos might be proceeding under, to the extent the allegations against Ms. Primeaux stem from her testimony in a pre-trial proceeding, it is well-settled that civil claims, whether under §1983 or otherwise, against witnesses arising out of their testimony in adversarial criminal pre-trial proceedings are barred by absolute immunity. *Moore v. McDonald,* 30 F.3d 166, 619 (5th Cir. 1994); *Curtis v. Bembenek,* 48 F.3d 281, 284-85 (7th Cir. 1995). Likewise, whether sounding in tort or any other theory, neither the  ministerial actions of Ms. Primeaux in mailing out notices, nor her testimony at the forfeiture hearing constitute a claim for which relief can be granted. Therefore, the Court recommends the motion to dismiss be granted and the claims against Ms. Primeaux be dismissed with prejudice.

*The purported amending complaint, as construed, fails to state a claim upon which relief can be granted.*

After once again ignoring the fact that she cannot act on behalf of other individuals, the plaintiff has now filed Rec. Doc. 55 in which she seeks to not only re-name as plaintiffs those individuals she has already been told she cannot represent, but to add three new plaintiffs - Larry Powell, Alonzo Powell and Antonio Amos. [Rec. Docs. 54-55[7]]. This she cannot do pursuant to Fed.R.Civ. P. 11 and La.R.S. 37:213.  To the extent the pleading attempts to amend the complaint to bring claims on behalf of these individuals, the motion should be denied and any claims of these individuals - Shawn Powell, Derrick Harris, Larry Powell, Alonzo Powell, and Antonio Amos, to the extent they exist,  should not be considered. Likewise, Madilyn Powell has not signed the pleading or introduced any pleadings on her own behalf other than the signed document indicating she wishes to pursue the claims in this litigation. Therefore, to the extent the pleadings seek to bring claims on her behalf, the motion should be denied and those claims, to the extent they exist, should also not be considered.

Addressing only the defendant still before the court, Ms. Primeaux, in the proposed pleading, signed only by Mattie Amos, the following are the only allegations against Ms. Primeaux:

---

[7]Rec. Doc. 55 seems to be same as 54 except for some handwritten corrections.

Jessica Primeaux acknowledged her guilt but at the same time basically stated that she only did what her supervisors instructed her to do.  After changing attorneys, Jessica Primeaux stated that she was not guilty, which in all actuality is not relevant as long as Jessica Primeaux was employed as an officer of the court and having acknowledged her culpability or guilt.  The actions of Jessica Primeaux, under the guise of her supervisors, ignited the actions of Rodney Joiner d.b.a. International Fidelity Insurance Company, et al that caused mental, physical, and financial harm to plaintiffs.

.     .     .

Defendant, Rodney Joiner, International Fidelity Insurance Company, Rodney Joiner d.b.a. International Fidelity Insurance Company, Rodney Joiner d.b.a. AA Bail Bonds, Jessica Primeaux, attorney Stan Hardee, and Mike Harson all conspired to deprive plaintiffs Mattie Amos, Madilyn Powell, Shawn Powell, Alonzo Powell, and Antonio Amos out of their freedom and income, while trying to force the other plaintiffs to accept responsibility for $25,000.00 which the records of the court proved that the debt was not valid.

[Rec. Doc. 55,p. 4,7].

Ms. Primeaux filed a motion to dismiss pursuant to Rule 12(b)(6) before leave was granted but the motion merely re-iterates the obvious.[8] Even were the court to allow the proposed amended pleading to be filed, it would not change the analysis relative to Primeaux's involvement in the claims made against her once the conclusory allegations are removed. They do not state a claim against her for which relief can be granted for mailing out notices and she has absolute immunity in her capacity as a witness.

---

[8]Rec. Doc. 57.

The court has discretion to disallow a motion for leave to amend if it would be futile. *Foman v. Davis,* 371 U.S. 178,182 (1962); *Deloach v. Woodley,* 405 F.2d 496, 497 (5th Cir. 1968); *Smith v. EMC Corp.* 393 F.3d 590, 595 (5th Cir. 2004). Therefore, to the extent Ms. Amos seeks to amend her complaint to enhance the allegations against Ms. Primeaux, she has nonetheless failed to state a claim for which relief can be granted, and therefore, the motion to amend is futile and should be denied on that basis.

*The motion to amend should be denied to the extent it seeks to re-name the prior defendants who were dismissed.*

To the extent Ms. Amos seeks to bring back into this litigation the defendants she initially sued but who were dismissed, the motion should be denied on the same grounds set forth above. The defendants Mike Harson, Ted Ayo and Stan Hardee were the District Attorney and two of his assistants, respectively, for the 15th Judicial District. They originally filed a motion to dismiss on multiple grounds including lack of subject matter jurisdiction based on diversity of citizenship since they were residents of Louisiana and one of the purported plaintiffs, Derrick Harris, was incarcerated in Angola State Prison. [Rec. Doc. 2, 6]. As previously noted, there are no allegations of subject matter jurisdiction beyond references to "color of law," the Constitution, equal protection and civil rights. The district court in Texas granted the motion to dismiss without prejudice

and without reasons. [Rec. Doc. 14]. Since this Court does not recognize Mr.
Harris as a valid plaintiff, and these defendants are citizens of Louisiana and Ms.
Amos is a citizen Texas, diversity of citizenship may be present although the
amount in controversy is suspect. However, utilizing §1983 as the basis for subject
matter jurisdiction (even assuming supplemental jurisdiction for any state law
claims), the motion should still be denied as futile.

These defendants also filed a motion under Rule12(b)(6) in which they
pointed out, correctly, that there were no allegations against any of these three
individuals whatsoever that would lead to the imposition of liability against them
for the alleged claims of Ms. Amos.  The proposed amendment adds nothing to
this analysis beyond the quoted language stated above.

The Court is not to accept conclusory allegations as true and there are no
factual allegations against any of these defendants as to what they may have done
to "conspire" to deprive Ms. Amos of her freedom and income. Trying to force the
"other plaintiffs" to accept responsibility for the $25,000.00 debt that was
allegedly not valid does not state a claim against these defendants in favor of Ms.
Amos. Therefore, the amendment would, once again, be futile.

The same thing can be said about the allegations (or lack thereof) against
Louis Garrot, Bart Bellaire, Diane Broussard, and Donna Baudoin. Stripping away

conclusory statements as this Court is required to do, there is no fact or combination of facts in any of these pleadings that would support a claim in favor of Ms. Amos against any of these individuals.

Finally, there is the claim against Rodney Joiner and International Fidelity Insurance Company. These defendants also filed a motion to dismiss on various grounds including lack of jurisdiction based on diversity and failure to state a claim. [Rec. Doc. 15]. The motion was granted, without reasons, and the "plaintiffs' suit" was dismissed without prejudice. [Rec. Doc. 15]. Since the suit was dismissed without prejudice this Court infers that the motion was not addressed under Rule 12(b)(6). The purported amendment adds no new allegations against Joiner and International other than as set forth in the quoted language above. Thus, this Court looks to the original complaint to determine if there is any cause of action stated that could conceivably be found in this *pro se* plaintiff's pleadings for which subject matter jurisdiction would exist.

It is not clear whether the plaintiff is contending that Joiner is a state actor such that she could bring a claim against him directly under §1983. To the extent he is not and the plaintiff has tried to allege a conspiracy under §1983, she has failed as there are no state actors left in this case for the private entities to conspire

with, and therefore, under this scenario the motion should be denied as futile based

on the failure to state a claim under §1983.

To the extent she is attempting to allege a tort committed by Joiner and

International based on their efforts to collect on the $25,000.00 surety bond, the

pleading contains insufficient information for this Court to determine if it has

subject matter jurisdiction. If this claim is based on state law and the supplemental

jurisdiction of the court pursuant to 28 U.S.C. §1367, the motion to amend should

be denied pursuant to 28 U.S.C. § 1367(c)(3) since all of the claims which might

have existed under §1331 have been dismissed. "Under § 1367, a district court

may 'entertain state law claims pursuant to its supplemental jurisdiction, provided

the claims arise from the case or controversy over which the district court had

original jurisdiction.'  When all federal claims are dismissed from the case or

controversy before the district court, however, § 1367(c)(3) permits the district

court to exercise 'wide discretion in determining whether to retain jurisdiction

over the remaining state law claims.'" *Martin v. Waring Investments Inc.*, 323

Fed.Appx. 313, 317 (5th Cir. 2009) (quoting *Welch v. Thompson*, 20 F.3d 636, 644

(5th Cir. 1994)).

On the other hand, if the claim against Joiner and International is based on

diversity of citizenship, the plaintiff has failed to establish the jurisdictional

-16-

allegations in her complaint, i.e. that her citizenship and the citizenship of Joiner and International are diverse and the amount in controversy is in excess of $75,000.00 since the demand of 7 billion dollars in damages is clearly frivolous.

Other 'motions' are referenced in the proposed pleading, including a "Motion for Discovery, Motion to Show Cause why Defendants are not Required to Respond to Petition as Required by Law, Motion to Compel this Honorable Court to Render Default Judgment for Defendants Failure to File a Response as Required by Law, Relief Sought, Introduction of Prior Bad Acts, and Request for Appearance before the Grand Jury". [Rec. Docs. 54-55].

Ms. Primeaux filed an Answer to the Complaint on August 29, 2014.[Rec. Doc. 24].  As of that date, no effort had been made to pursue a default against Primeaux.  Any post-Answer attempt to obtain a default judgment would be futile, and all of the other defendants have been dismissed. Therefore, this "motion" is wholly without merit. Plaintiff's effort to bring her claims before a grand jury are completely frivolous in this civil proceeding and without any factual or legal basis whatsoever.  This Court is unable to discern what exactly a motion for Introduction of Prior Bad Acts contemplates at this point other than to state it is not necessary to consider it until such time as the plaintiff establishes subject matter jurisdiction.

Given the uncertainty surrounding subject matter jurisdiction for the claims against Joiner and International, it is recommended that the plaintiff's current motion be denied, and that an appropriate amend order be issued requiring her to amend the complaint to state:

1.     Only the claims of Mattie Amos against Rodney Joiner and International Fidelity Insurance Company - specifically what these defendants allegedly did to her and her alone; and

2.     The basis of the court's jurisdiction, i.e. whether Joiner is a state actor and she seeks relief under a federal statute, or she sets forth the citizenship of herself, Mr. Joiner and the state of incorporation of International Fidelity AND its principal place of business and a GOOD FAITH estimate of the amount she claims is in controversy.

Ms. Amos is warned that further pleadings that are filed that do not comply with the requirements of Fed.R.Civ.P 11 will not be tolerated and she may be subject to sanctions.

### *Recommendations*

For the reasons set forth, it is the recommendation of the undersigned that:

1.      Jessica Primeaux's Rule 12(b)(6) motion [Rec. Doc. 30] should be
GRANTED, dismissing all claims against  Jessica Primeaux by Mattie
Amos and Madilyn Powell with prejudice;

2.      The motions of Mattie Amos to Amend "Petition to Add Plaintiffs
and Defendants Utilizing Retroback Law, Motion for Discovery, Motion to
Show Cause why Defendants are not Required to Respond to Petition as
Required by Law, Motion to Compel this Honorable Court to Render
Default Judgment for Defendants Failure to File a Response as Required by
Law, Relief Sought, Introduction of Prior Bad Acts, and Request for
Appearance before the Grand Jury" [Rec. Docs. 54, 55] be DENIED.

3.      To the extent any claims exist for the other plaintiffs named in the
original complaint besides Mattie Amos and Madilyn Powell, specifically,
Shawn Powell, August Powell, and Derrick Harris, those claims should be
dismissed without prejudice; and

4.      Mattie Amos be ORDERED to file a motion to amend the complaint
within 30 days to state:

    A.      Only the claims of Mattie Amos against Rodney Joiner and
    International Fidelity Insurance Company - specifically what these
    defendants allegedly did to her and her alone;

B.    The basis of the court's jurisdiction, i.e. whether Joiner is a state actor and she seeks relief under a federal statute, or she sets forth the citizenship of herself, Mr. Joiner and the state of incorporation of International Fidelity AND its principal place of business and a GOOD FAITH estimate of the amount she claims is in controversy.

IT IS FURTHER ORDERED that the Clerk of Court provide a copy of Fed.R.Civ. P. 11 to Ms. Amos who must comply with its terms in filing any future pleadings.

IT IS FURTHER ORDERED that the plaintiff's motion for trial by jury [Rec. Doc. 56] be DENIED without prejudice to her right to request same in the motion to amend set forth above.

Under the provisions of 28 U.S.C. §636(b)(1)© and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of court.  A party may respond to another party's objections within fourteen days after being served with a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglas v. United Services Automobile Association*, 79 F.3d 1415(5th Cir. 1996).

Signed at Lafayette, Louisiana this 17th day of April, 2015.

_____

Patrick J. Hanna
United States Magistrate Judge

COPY SENT:

DATE:   4/17/2015
BY:           EFA
TO:           RFD
                cg

-21-