UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

MATTIE AMOS, ET AL.                    CIVIL ACTION NO. 6:14-cv-02344

VERSUS                                 JUDGE DOHERTY

RODNEY JOINER, ET AL.                  MAGISTRATE JUDGE HANNA

## REPORT  AND  RECOMMENDATION

Currently pending is the "Motion Requesting Expansion of Time" (Rec. Doc. 63), which was filed by plaintiff Mattie Amos.  The motion was referred to the undersigned for ruling. (Rec. Doc. 64).  Also pending are the motion to dismiss under Fed. R. Civ. P. 19(b)(6) and the motion for a more definite statement under Fed. R. Civ. P. 12(e), which were filed by defendants Rodney Joiner and International Fidelity Insurance Company.  (Rec. Doc. 65).

## A.   THE MOTION FOR EXPANSION OF TIME

Ms. Amos is not represented by counsel.  Therefore, the undersigned has interpreted her motion liberally and drawn all reasonable inferences that can be drawn.[1]  Nonetheless, the motion is largely incomprehensible, and apparently has pages missing since the sentences do not logically flow between pages one and two

---

[1]      *In re Tex. Pig Stands, Inc.*, 610 F.3d 937, 941 n. 4 (5th Cir. 2010); *Oliver v. Scott*, 276 F.3d 736, 740 (5th Cir. 2002).

or between pages two and three.  The undersigned cannot determine from the text of the motion what deadline the plaintiff is seeking to expand.  However, the last document that was filed in the record before Ms. Amos filed the instant motion was a judgment that was filed in the record on May 21, 2015.  (Rec. Doc. 62).  That judgment ordered Ms. Amos to file a motion to amend the complaint and gave her a thirty-day deadline in which to do so.  Therefore, Ms. Amos had until June 22, 2015 to file an amended complaint.  She did not comply with that deadline.  Instead, she submitted a proposed amended complaint along with the instant motion for extension of the deadline.  Ms. Amos filed the instant motion on July 27, 2015, which is more than thirty days after the expiration of the thirty-day deadline established in the Court's May 21, 2015 order.

Drawing all reasonable inferences, as is required, the undersigned interprets Ms. Amos's pending motion as a motion to extend the thirty-day deadline for filing an amended complaint.  Fed. R. Civ. P. 6(b)(1) states that when an act must be done within a specified time, the court may, for good cause, extend the time allotted.  However, under Rule 6(b)(1)(B), when a motion for extension of a court-ordered deadline is made after the deadline has already expired, the deadline can be extended only if the party failed to act because of excusable neglect.  In this case, Ms. Amos did not request an extension of the deadline before the thirty-day deadline expired,

-2-

and then she waited more than a month thereafter to file her motion seeking an extension of the deadline. Therefore, she must (a) show good cause for the extension, and (b) establish that she failed to request the extension sooner because of excusable neglect.

In her motion, Ms. Amos states that she has a medical condition "in which most of her stomach [is] in her chest." (Rec. Doc. 63 at 1). She does not explain how this condition prevented her from filing an amended complaint within the thirty-day time period set by the court's order nor does she explain why this condition prevented her from requesting an extension of the deadline before the deadline elapsed. Accordingly, the undersigned finds that Ms. Amos has not shown that excusable neglect prevented her from filing the request for an extension before the original deadline elapsed. For these reasons, Ms. Amos's motion (Rec. Doc. 63) is DENIED.

## B.   THE MOTION TO DISMISS

Even if Ms. Amos's amended complaint had been filed in a timely manner, the allegations set forth therein lack sufficient specificity to state a claim upon which relief can be granted by this Court. A motion to dismiss for failure to state a claim, under Rule 12(b)(6) of the Federal Rules of Civil Procedure, is appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim.[2]

---

[2]     *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

When considering a motion to dismiss for failure to state a claim under Rule 12(b)(6), a district court must limit itself to the contents of the pleadings, including any attachments thereto.[3] The court must accept all well-pleaded facts as true, and it must view them in the light most favorable to the plaintiff.[4]  However, conclusory allegations and unwarranted deductions of fact are not accepted as true,[5] and courts "are not bound to accept as true a legal conclusion couched as a factual allegation."[6]

To survive a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."[7]  The allegations must be sufficient "to raise a right to relief above the speculative level,"[8] and "the pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of]

---

[3]     *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000).

[4]     *In re Katrina Canal Breaches Litigation*, 495 F.3d 191, 205 (5th Cir. 2007) (internal quotations omitted), quoting *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004); *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996).

[5]     *Kaiser Aluminum & Chemical Sales v. Avondale Shipyards*, 677 F.2d 1045, 1050 (5th Cir. 1982), citing *Associated Builders, Inc. v. Alabama Power Company*, 505 F.2d 97, 100 (5th Cir. 1974); *Collins v. Morgan Stanley*, 224 F.3d at 498.

[6]     *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986).

[7]     *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[8]     *Bell Atlantic v. Twombly,* 127 U.S. at 555.

-4-

a legally cognizable right of action."[9]  "While a complaint . . . does not need *detailed* factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[10]  If the plaintiff fails to allege facts sufficient to "nudge[ ][his] claims across the line from conceivable to plausible, [his] complaint must be dismissed."[11]

A claim meets the test for facial plausibility "when the plaintiff pleads the factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."[12]  "[D]etermining whether a complaint states a plausible claim for relief . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."[13] Therefore, "[t]he complaint (1) on its face (2) must contain enough factual matter

---

[9]    *Bell Atlantic v. Twombly,* 127 U.S. at 555, quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-36 (3d ed. 2004).

[10]    *Bell Atlantic v. Twombly*, 127 U.S. at 555 (citations, quotation marks, and brackets omitted; emphasis added).  *See also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

[11]    *Bell Atlantic v. Twombly*, 127 U.S. at 570.

[12]    *Ashcroft v. Iqbal*, 556 U.S. at 678.

[13]    *Ashcroft v. Iqbal*, 556 U.S. at 679.

(taken as true) (3) to raise a reasonable hope or expectation (4) that discovery will reveal relevant evidence of each element of a claim."[14]

Ms. Amos attached a proposed amended complaint to her motion for extension of time.  (Rec. Doc. 63-1).  Despite previously having been cautioned that an amended complaint should specifically state what defendants Rodney Joiner and International Fidelity Insurance Company "allegedly did to her and her alone" (Rec. Doc. 61 at 18), Ms. Amos's proposed amendment fails to do so.  She alleged that Mr. Joiner sent bounty hunters into her mother's home, that her daughter was placed in a choke hold either by a bounty hunter or by a police officer, that some bounty hunters entered the home of her grandchildren.  These allegations do not contend that Joiner, International Fidelity, the bounty hunters, or the police officers that allegedly accompanied the bounty hunters did anything to Ms. Amos.  As explained in the previous report and recommendation (Rec. Doc. 61 at 4-5), Ms. Amos is proceeding in this lawsuit without counsel; therefore, she is unable to assert claims on behalf of anyone other than herself.  These allegations do not provide factual underpinnings for a claim by Ms. Amos.

---

[14]     *Lormand v. US Unwired, Inc.*, 565 F.3d 228, 257 (5th Cir. 2009), quoting *Bell Atlantic v. Twombly*, 127 U.S. at 556.  See also *In Re Southern Scrap,* 541 F.3d 584, 587 (5th Cir. 2008).

In the proposed amended complaint, Ms. Amos also alleged that some unidentified person stated that Ms. Amos is crazy.  She further alleged that bounty hunters went to her home, that bounty hunters and Mr. Joiner made threatening phone calls to her, and that someone made negative statements about she and her family on Facebook.  No dates for any of these alleged events are stated.  What happened when the bounty hunters allegedly went to her home is not explained.  The content of the alleged threats is not stated.  The content of the alleged Facebook posts is not stated.  Finally, she alleges that, since these events occurred, she has suffered with extreme anxiety.  The factual allegations concerning who did what to Ms. Amos are so vague and lacking in specificity that they fail to state a claim upon which relief can be granted.

Ms. Amos has also failed to establish this Court's jurisdiction over her claim.  There are no allegations that Mr. Joiner, International Fidelity, or the bounty hunters were acting under color of law at any time, and there are no allegations that any of them deprived Ms. Amos of a constitutionally protected right.  Accordingly, she has not stated a claim under 28 U.S.C. § 1983.  Therefore, she has not established federal-question jurisdiction.

Liberally construing Ms. Amos's allegations, it appears that she may have asserted a state-law defamation claim.  However, she did not comply with the Court's

order (Rec. Doc. 62 at 3) that she set forth, in her amended complaint, facts that would allow the Court to evaluate diversity jurisdiction.  Ms. Amos was specifically ordered to set forth the state of incorporation and principal place of business of defendant International Fidelity, which she did not do.  Accordingly, the undersigned is unable to determine whether the parties are diverse in citizenship.

Having concluded that Ms. Amos has not stated a federal-law claim against Mr. Joiner or International Fidelity, there is no federal question remaining before the court.  Although this fact alone does not divest the court of jurisdiction, "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims."[15]  Moreover, the general rule in this circuit is to dismiss state claims when the federal claims they supplement are dismissed.[16]   Therefore, it is recommended that the Court decline to exercise its supplemental jurisdiction, and the plaintiff's state-law claim, if any, should be dismissed.

---

[15]     *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7 (1988)

[16]     *Batiste v. Island Records, Inc.*, 179 F.3d 217, 227 (5th Cir. 1999); *Parker & Parsley Petroleum Co. v. Dresser Industries*, 972 F.2d 580, 585 (5th Cir. 1992); *Wong v. Stripling*, 881 F.2d 200, 204 (5th Cir. 1989).

In summary, Ms. Amos has not alleged sufficient facts to support a conclusion that this Court has subject-matter jurisdiction over this action.  Additionally, the proposed amended compliant is lacking the necessary particularity to nudge Ms. Amos's claims across the line from conceivable to plausible.  For these reasons, even if Ms. Amos had filed the amended compliant before the deadline elapsed – which she did not do – the undersigned would recommend that the motion to dismiss for failure to state a claim be granted.

## C.   THE MOTION FOR MORE DEFINITE STATEMENT

In light of the undersigned's having denied the plaintiff's motion for extension of the deadline for amending her complaint and having recommended that the motion to dismiss be granted, the undersigned recommends that the motion for more definite statement be denied as moot.

## CONCLUSION

For the reasons explained above, the plaintiff's motion for extension of the deadline for amending her complaint (Rec. Doc. 63) is DENIED, it is RECOMMENDED that the defendants' motion to dismiss (Rec. Doc. 65) be DENIED AS MOOT or alternatively be GRANTED, it is RECOMMENDED that the defendants' motion for more definite statement (Rec. Doc. 65) be DENIED AS

MOOT; and it is RECOMMENDED that Ms. Amos's claims be DISMISSED WITHOUT PREJUDICE.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen days after being served with of a copy of any objections or responses to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in the report and recommendation within fourteen days following the date of its service, or within the time frame authorized by Fed. R. Civ. P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the district court, except upon grounds of plain error.  See *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Signed at Lafayette, Louisiana on August 31, 2015.

_____
PATRICK J. HANNA
UNITED STATES MAGISTRATE JUDGE

-10-

COPY SENT:

DATE:   8/31/2015
BY:          EFA
TO:          RFD; cg